JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD, CA #293543
MILAGROS A. CISNEROS, AZ #020410
Asst. Federal Public Defenders
Attorneys for Defendant
benjamin_good@fd.org
milagros_cisneros@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Jared Mark Caros,<br><br>　　　　　Defendant. | No. CR-16-984-PHX-NVW<br><br>**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS** |

Pursuant to the court's directive during the final pretrial conference in this matter, Defendant Jared Mark Caros, through the undersigned counsel, files the following Joint Proposed Preliminary Jury Instructions.

Respectfully submitted: June 2, 2017.

　　　　　　　　　　　　　　　　JON M. SANDS
　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　 *s/Benjamin Good*
　　　　　　　　　　　　　　　　BENJAMIN GOOD
　　　　　　　　　　　　　　　　Asst. Federal Public Defender

　　　　　　　　　　　　　　　　 *s/ Brandon M. Brown*
　　　　　　　　　　　　　　　　BRANDON M. BROWN

Assistant United States Attorney

Copy of the foregoing transmitted
by ECF for filing June 2, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

BRANDON M. BROWN
JONATHAN R. HORNOCK
Assistant U.S. Attorneys
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

JARED MARK CAROS
Defendant
  *s/tb*

| | | | |
|---|---|---|---|
| **I.** | **MODEL PRELIMINARY INSTRUCTIONS** | | |
| | ST | 1.1 | Duty of Jury |
| | ST | 1.2 | The Charge—Presumption of Innocence |
| | ST | 1.3 | What is Evidence |
| | ST | 1.4 | What is Not Evidence |
| | ST | 1.5 | Direct and Circumstantial Evidence |
| | ST | 1.6 | Ruling on Objections |
| | ST | 1.7 | Credibility of Witnesses |
| | ST | 1.8 | Conduct of the Jury |
| | ST | 1.9 | No Transcript Available to Jury |
| | ST | 1.10 | Taking Notes |
| | ST | 1.11 | Outline of Trial |
| **II.** | **STIPULATED NON-MODEL INSTRUCTION ON CHARGED OFFENSE** | | |
| | ST | n/a | False Statement in an Application for a Passport |

## I. MODEL PRELIMINARY INSTRUCTIONS

**Ninth Circuit Model Jury Instruction 1.1**

**Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.1

# Ninth Circuit Model Jury Instruction 1.2
# Presumption of Innocence

This is a criminal case brought by the United States government. The government charges the defendant with one count of willfully and knowingly making a false statement in an application for a passport, in violation of Title 18, United States Code, Section 1542. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 ed.), Instruction 1.2

# Ninth Circuit Model Jury Instruction 1.3

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.3

# Ninth Circuit Model Jury Instruction 1.4
# What Is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;
2. questions and objections of the attorneys;
3. testimony that I instruct you to disregard; and
4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**<u>AUTHORITY</u>:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.4

## Ninth Circuit Model Jury Instruction 1.5

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.5

# Ninth Circuit Model Jury Instruction 1.6
# Ruling on Objections

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.6

# Ninth Circuit Model Jury Instruction 1.7
# Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the witness's opportunity and ability to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.7

10

**Ninth Circuit Model Jury Instruction 1.8**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it [although I have no information that there will be new reports about this case]; do not do any research, such as consulting

dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the jury process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.8

**Ninth Circuit Model Jury Instruction 1.9**

**No Transcript Available to Jury**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.9

**Ninth Circuit Model Jury Instruction 1.10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [court room] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.10

## Ninth Circuit Model Jury Instruction 1.11
## Outline of Trial

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**AUTHORITY:**

Manual of Model Criminal Jury Instructions
for the Ninth Circuit (2010 ed.), Instruction 1.11

## II. STIPULATED NON-MODEL INSTRUCTION ON CHARGED OFFENSE

### False Statement in an Application for a Passport
### (18 U.S.C. § 1542)

The defendant is charged in the indictment with making a false statement in an application for a passport, in violation of Section 1542 of Title 18 of the United States Code. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false statement in an application for a United States passport;

Second, the defendant made the statement intending to obtain a United States passport for his own use or the use of another; and

Third, the defendant acted knowingly and willfully.

**AUTHORITY:**

Pattern Criminal Jury Instructions for the Eleventh Circuit (2016 ed.), Instruction 60

*United States v. Aifang Ye*, 808 F.3d 395, 400 (9th Cir. 2015) (explaining elements)