JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD, CA #293543
MILAGROS A. CISNEROS, AZ #020410
Asst. Federal Public Defenders
Attorneys for Defendant
benjamin_Good@fd.org
milagros_cisneros@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Jared Mark Caros,<br><br>　　　　Defendant. | Case No. 16-00984-PHX-NVW<br><br>**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT** |

Defendant Jared Mark Caros, through the undersigned counsel, respectfully submits the following objection to the presentence report ("PSR"). A draft PSR was disclosed on August 16, 2017. The final PSR, with addendum, was disclosed on August 29, 2017. The probation officer who prepared the PSR recommends a sentence of thirty-six months of probation.

**Objection: paragraphs 12, 72, 73, and first full paragraph on page 15.** The final PSR states that restitution is available in this case under 18 U.S.C. § 3663A (the "MVRA"), PSR ¶ 72, and suggests that a restitution hearing "may be necessary," *id.* at 15. There is no occasion for a restitution hearing in this case, because Steven Sheehan "is simply not a victim of Mr. Caros's violation of 18 U.S.C. § 1542." Doc. 89 at 4 (Gov't Response to Defendant's Motion *in Limine*)

1

(citing *United States v. Sierra-Mendez*, No. 15 Cr. 4053, 2014 WL 6908504, at *1 & n.4 (N.D. Iowa Dec. 8, 2014)); *see also Sierra-Mendez*, 2014 WL 6908504, at *1 ("18 U.S.C. § 1542 does not include a restitution subsection that refers to the VWPA, nor does 18 U.S.C. § 1542 fall within the ambit of the MVRA because Passport Fraud is not a qualifying offense.").[1]

Even assuming a restitution hearing were warranted, nothing alleged by Mr. Sheehan to the probation officer could support a restitution order. Mr. Sheehan claims—implausibly—that he lost his job because he was interviewed as a victim in this case. PSR at 15. He admits, however, that having been charged with forgery and other felonies—plainly an "intervening cause, unrelated to the defendant's offense, between the defendant's offense and the victim's specific loss" that cuts off the chain of proximate causation, *United States v. Kennedy*, 643 F.3d 1251, 1262 (9th Cir. 2011)—was a contributing factor, PSR at 15. Mr. Sheehan also fails to explain why having been interviewed as a victim in this case prevented him from obtaining other employment at any time during the year following the loss of his job. *See* PSR ¶ 12 (seeking a year's worth of lost wages).

---

[1] The government stated this position in response to Mr. Caros's motion to introduce evidence about Mr. Sheehan under Rule 404(a), in which Mr. Caros asserted, for evidentiary purposes, that extrinsic evidence of "an alleged victim's pertinent trait" was admissible. Fed. R. Evid. 404(a). The context was different, to be sure, but the government expressly relied on case law interpreting the MVRA. *See* Doc. 89 at 4 (citing *Sierra-Mendez*). In any event, the government would have a hard time asserting now that Mr. Sheehan should receive restitution, given that it proceeded under an aiding-and-abetting theory at trial. *See United States v. Lazarenko*, 624 F.3d 1247, 1251 (9th Cir. 2010) ("[I]n the absence of exceptional circumstances, a co-conspirator cannot recover restitution for crimes in which he or she participates."); *see also United States v. Lazar*, 770 F. Supp. 2d 447, 452 (D. Mass. 2011) (same principle applies "whether or not the conspirator is formally charged as a defendant").

For these reasons, the assertion in the PSR that the MVRA applies (¶ 72) is incorrect; the suggestion that a restitution hearing be held (page 15) should be disregarded; and Mr. Sheehan's implausible assertion of losses related to this case (¶ 12 and page 15) should be ignored. This is not a crime involving violence, theft, damage to property, or any losses whatsoever, financial or otherwise; it did not even involve the use of a passport. *See Browder v. United States*, 312 U.S. 335, 340 (1941) ("The purpose of [enacting § 1542] was to punish the use of passports obtained by false statements.").[2]

Respectfully submitted:  August 30, 2017.

JON M. SANDS
Federal Public Defender

 *s/Benjamin Good*
BENJAMIN GOOD
Asst. Federal Public Defender

Copy of the foregoing transmitted
by ECF for filing August 30, 2017, to:

CLERK'S OFFICE

---

[2]     Should the Court find a restitution hearing is warranted, Mr. Caros respectfully urges that the sentencing set for September 11, 2017 be continued so that it can be conducted concurrently with any restitution hearing, given that sentencing issues are often related to the question of restitution. *See, e.g.*, *United States v. Edwards*, 595 F.3d 1004, 1016–17 (9th Cir. 2010) (approving of the district court's reliance on the deterrent effect of restitution as a ground for imposing a sentence of probation). It would not be feasible to conduct a restitution hearing on the date currently set for sentencing, because witnesses, including Mr. Sheehan and his employer, would have to be subpoenaed to testify and produce documents.

United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

BRANDON MARCELLUS BROWN
JONATHAN R. HORNOK
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

JARED MARK CAROS
Defendant

   *s/tlc*