JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD, CA #293543
MILAGROS A. CISNEROS, AZ #020410
Asst. Federal Public Defenders
Attorneys for Defendant
benjamin_good@fd.org
milagros_cisneros@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Jared Mark Caros,<br><br>    Defendant. | Case No. 16-00984-PHX-NVW<br><br>**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

    Defendant Jared Mark Caros, through the undersigned counsel, hereby respectfully submits the following supplemental sentencing memorandum in support of his request for a sentence of three years of probation. Mr. Caros stands by and reiterates the arguments raised in his August 31, 2017 Sentencing Memorandum (Doc. 123) and at the sentencing hearing held in this matter on September 12, 2017. The arguments below address new issues about the presumed seriousness of his offense that arose at the hearing.

    Mr. Caros acknowledges that certain violations of 18 U.S.C. § 1542 have the potential to implicate national security concerns, but he respectfully disagrees with any blanket assumption about the *inherent* seriousness of § 1542 offenses. For one thing, the case law does not bear this out. A vast number of § 1542 cases,

for example, involve immigration issues—such as attempts to obtain passports to make false claims to U.S. citizenship. *See, e.g.*, *United States v. Evans*, 728 F.3d 953, 956–57 (9th Cir. 2013) (charges of illegal reentry, false claim to U.S. citizenship, and false statement on passport application, among others); *United States v. Maciel-Alcala*, 612 F.3d 1092, 1094–95 (9th Cir. 2010) (charges of false claim to U.S. citizenship and false statement on passport application, among others); *United States v. Gonzalez-Diaz*, No. 09 Cr. 77, 2012 WL 45416, at *1 (D. Mont. Jan. 9, 2012) (charges of illegal reentry, false claim to U.S. citizenship, and false statement on passport application, among others); *United States v. Ortega*, No. 10 Cr. 2444, 2011 WL 3267377, at *2 (D. Ariz. July 29, 2011) (charges of false claim to U.S. citizenship and false statement on passport application, among others). These § 1542 cases involve attempts to enter and live in this country without permission. The false passports in question were used to immigrate, not for espionage, terrorism, or other national-security related purposes.

For another thing, the structure of 18 U.S.C. § 1542 is also incompatible with this assumption. In the statute, Congress prescribed differing penalties depending on the use for which a fraudulently obtained passport was intended: twenty-five years if to facilitate international terrorism; twenty years if to facilitate drug trafficking; fifteen years if otherwise, assuming a non-first-time offender; and ten years for a first offense not involving drugs or terrorism. *See* 18 U.S.C. § 1542. This penalty structure makes plain that Congress intended § 1542 to address varying types of underlying criminal behavior, and that Congress also recognized that differing uses should be punished differently.

As explained by Mr. Caros at the previous sentencing hearing, his intended use for the Sheehan passport was to escape a perceived threat in this country and to begin a new existence abroad. And in the end, the passport was never used.

There is no basis—beyond pure speculation—to assume this offense had anything to do with national security. Nor, for the reasons explained above, is there anything about § 1542 that inherently implicates national security. The statute seeks to curb a wide range of conduct of differing seriousness by prophylactically banning false statements. *See, e.g.*, *Browder v. United States*, 312 U.S. 335, 340 (1941). On the seriousness spectrum, the intended use at issue in this case was not particularly nefarious. Mr. Caros should be punished, to be sure, but the severity of his punishment cannot be based on assumptions or unfounded speculation about national security or other nefarious purposes. To do so would be incompatible with § 1542 and the well-accepted principle that a sentencing judge "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

For these reasons, and the reasons explained in Mr. Caros's previous sentencing memorandum and at the September 12 hearing, a sentence of three years of probation would represent a just outcome in this case, and a term of imprisonment would be greater than necessary.

Respectfully submitted:  October 19, 2017.

                JON M. SANDS
                Federal Public Defender

                *s/Benjamin Good*
                BENJAMIN GOOD
                Asst. Federal Public Defender

| | |
|---|---|
| 1 | |
| 2 | Copy of the foregoing transmitted |
| 3 | by ECF for filing October 19, 2017, to: |
| 4 | CLERK'S OFFICE |
| 5 | United States District Court<br>Sandra Day O'Connor Courthouse |
| 6 | 401 W. Washington |
| 7 | Phoenix, Arizona 85003 |
| 8 | BRANDON MARCELLUS BROWN |
| 9 | JONATHAN R. HORNOK |
| 10 | Assistant U.S. Attorney<br>United States Attorney's Office |
| 11 | Two Renaissance Square |
| 12 | 40 N. Central Avenue, Suite 1200<br>Phoenix, Arizona 85004-4408 |
| 13 | |
| 14 | Copy mailed to: |
| 15 | JARED MARK CAROS |
| 16 | Defendant |
| 17 | *s/tlc* |
| 18 | |